UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-37 |
| | ) | *Edgar* |
| TYSHAWN HILL and | ) | |
| RONDRELL SANFORD | ) | |

**MEMORANDUM**

Tyshawn Hill ("Hill") and Rondrell Sanford ("Sanford") were charged in a two-count indictment with conspiring to distribute five kilograms or more of a mixture or substance containing cocaine hydrochloride and, aided and abetted by each other, possessing with intent to distribute five kilograms or more of a mixture and substance containing cocaine hydrochloride. [Doc. No. 17]. A jury convicted both Hill and Sanford of both charges. [Doc. Nos. 49, 50]. Sanford now challenges the sufficiency of the evidence, moving for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c) or, in the alternative, for a new trial pursuant to FED. R. CRIM. P. 33. [Doc. No. 52].

**I.      Standard of Review**

In assessing a motion for a judgment of acquittal pursuant to FED. R. CRIM. P. 29 this Court "must determine 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Meyer*, 359 F.3d 820, 826 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the Court does not "weigh the evidence, consider the credibility of witnesses or substitute [its] judgment for that of the jury." *Id.* (quoting *United States v. Hilliard*,

-1-

11 F.3d 618, 620 (6th Cir. 1993)).

In determining whether a defendant is entitled to a new trial pursuant to FED. R. CRIM. P. 33, this Court employs a broader standard of review than that utilized in analyzing motions under FED. R. CRIM. P. 29. To warrant a new trial, the verdict must be against the great weight of the evidence. *United States v. Pierce*, 62 F.3d 818, 825 (6th Cir. 1995) (citing *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988)). The Court is only "to insure that there is not a miscarriage of justice." *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998). And in doing so, the Court may consider the credibility of witnesses and the weight of the evidence. *Id.*

## II. Analysis

To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy. *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999) (citing *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996)). These elements may be proved by either direct or circumstantial evidence. *Id.*; *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). The government need not prove the existence of a formal or express agreement among the conspirators, because even a tacit or mutual understanding among the parties is sufficient. *Id.*; *Avery*, 128 F.3d at 970-71; *United States v. Hughes*, 891 F.2d 597, 601 (6th Cir. 1989). "The existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *Avery*, 128 F.3d at 971. "[T]he connection of the defendant to the conspiracy need only be slight if there is sufficient evidence to establish the connection beyond a reasonable doubt." *United States v. Ward*, 190 F.3d 483, 488 (6th Cir. 1999) (citing *United States v. Hernandez*, 31 F.3d 354, 358 (6th Cir. 1994)). However, "mere

association with conspirators is not enough to establish participation in a conspiracy." *United States v. Pearce*, 912 F.2d 159, 162 (6th Cir. 1990).

To obtain a conviction under 21 U.S.C. § 841(a)(1), the government must prove that the defendant knowingly and intentionally possessed a controlled substance with the intent to distribute it. *United States v. Forrest*, 17 F.3d 916, 919 (6th Cir. 1994). Intent to distribute drugs may be inferred solely from possession of a large quantity of drugs. *United States v. White*, 932 F.2d 588, 590 (6th Cir. 1991); *see also United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001) (holding that intent may be inferred from large quantity and purity of drug). To obtain a conviction for aiding and abetting, the government must prove that the defendant did aid and abet the crime, which in this case requires the government to show that Sanford knew Hill possessed cocaine with intent to distribute it and that Sanford assisted in Hill's plan to deliver the cocaine. *See United States v. Pena*, 983 F.2d 71, 72 (6th Cir. 1993). "Drawing an exact line of sufficient participation [to support a conviction for aiding and abetting], especially in drug distribution cases, is difficult if not impossible." *United States v. Head*, 927 F.2d 1361, 1369 (6th Cir. 1991) (quoting *United States v. Bryant*, 461 F.2d 912, 920 (6th Cir. 1972)). Even if there is no evidence that a defendant touched or possessed the drug, the government may prevail if it shows that the defendant acted with the specific intent to facilitate commission of the offense by another individual. *Id.*

The evidence in the instant case was sufficient to support convictions on both counts. Sanford was the passenger in a vehicle carrying nearly eight kilograms of cocaine, which was eighty-nine percent pure. Upon stopping the vehicle for a traffic violation, the police officer learned that the driver, Defendant Hill, and Sanford were traveling back to New York from a trip to Atlanta. When he questioned Hill and Sanford separately, the officer received conflicting accounts of the trip:

Hill indicated the two went to Atlanta to watch an NBA basketball game; Sanford indicated the trip was to find some women and that he had not been to an NBA game in a couple of years. The officer also discovered that neither Hill nor Sanford knew the other's name. On Sanford's person, officers discovered a cell phone, marijuana, and $700 in cash, but no form of identification. In the backseat of the vehicle was a suitcase containing nearly eight kilograms of cocaine and $2,100 in cash. However, there was no other luggage in the car; no change of clothing; and no personal hygiene items. The officers also discovered a hotel receipt reflecting that, despite the length of the trip, the two only stayed in Atlanta one night.

Based on this evidence the Court finds that Sanford is not entitled to a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c) nor to a new trial pursuant to FED. R. CRIM. P. 33. When this evidence is viewed in the light most favorable to the government, a rational juror could have found the essential elements of both the conspiracy charge and the possession with intent to distribute charge beyond a reasonable doubt, with respect to Sanford. Further, the Court finds that the jury's verdicts regarding Sanford are not against the great weight of the evidence. Accordingly, Sanford's motion for a judgment of acquittal or, in the alternative, for a new trial will be **DENIED**.

A separate order will enter.

*/s/ R. Allan Edgar*  
R. ALLAN EDGAR  
CHIEF UNITED STATES DISTRICT JUDGE