TYSHAWN HILL,              )
                              )
          Petitioner,      )
                              )
v.                            )     Nos.    1:05-CR-37
                              )              1:14-CV-186-CLC
UNITED STATES OF AMERICA,   )
                              )
          Respondent.    )

## MEMORANDUM OPINION

The Petitioner, Tyshawn Hill ("Hill"), has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Doc. 93].[1]

## I.      FACTUAL AND PROCEDURAL HISTORY

Petitioner Hill was convicted of conspiring to distribute at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and possessing with intent to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). [Doc. 1]. Based on prior convictions out of New York, Petitioner was deemed a career offender (PSR ¶¶ 25-32, 59). Further, based on the prior drug convictions in New York, Petitioner was also subject to an enhanced mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), of which the Government gave proper notice [Doc. 40] and which the Court imposed [Docs. 59, 61].

The Petitioner appealed his conviction [Doc. 64] and the Sixth Circuit affirmed Petitioner's conviction on February 6, 2007 [Doc. 74]. The Government's brief indicates that the Sixth Circuit "rejected Petitioner's request for rehearing *en banc* on May 25, 2007," but only

---

[1] All "Doc." references are to document numbers in the underlying criminal case, 1:05-cr-37, unless otherwise noted.

cites the Sixth Circuit opinion, *United States v. Sanford*, 476 F.3d 391, 391 (6th Cir. 2007), which is the underlying appeal. There is no indication in the record of a request or rejection of Petitioner's request for rehearing *en banc*. However, that issue is irrelevant as Petitioner did not seek a writ of certiorari from the Supreme Court at all, let alone within the ninety (90) day period from a conviction affirmed on appeal.

Thus, in Petitioner's case, the time for seeking certiorari expired either on May 7, 2007, or August 23, 2007,—ninety (90) days after the Sixth Circuit's affirmance of Petitioner's conviction or ninety (90) days after the Sixth Circuit's denial of Petitioner's request for rehearing *en banc*. The fact remains that, at the latest, the one year time limit to file a timely § 2255 motion expired in August 2008. However, Petitioner did not file this Petition for § 2255 relief until June 16, 2014, almost six years late. As such, the filing is untimely.

This Court noted that it "initially was inclined to order Hill to show cause why his § 2255 motion should not be denied as time-barred without requiring a response from the Government," but declined to do so based on the Government's position in a prior case (*Shaeffer v. United States*, No. 1:07-CR-146), and the Government's reassessment of its timeliness defenses in that case, and ordered the Government to respond [Doc. 95].

The Government did respond [Doc. 96] and specifically asserted its timeliness defense in this case.[2]

---

[2] Nor does it appear that the issue in *Shaeffer* would apply herein. In *Shaeffer,* the issue involved whether an enhancement from a North Carolina prior conviction determined to be "punishable" by a term exceeding one year (and thus a prior felony drug offense) was erroneous based on a new substantive rule announced in *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008) that would be retroactively applicable on collateral review. The Government conceded that the prior North Carolina drug conviction was only punishable to a maximum of 8 months imprisonment, and thus not punishable by a term of imprisonment exceeding one year, and thus, not a qualifying predicate felony drug offense (*see* 1:07-CR-146 [Doc. 593—Government's

## II. TIMELINESS OF PETITIONER'S § 2255 PETITION

The Government correctly notes that a one-year period of limitation applies to § 2255 motions, and that period typically runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured [is] the date on which the judgment of conviction becomes final" (citation omitted)). Here, Petitioner's conviction became final in either May or August 2007, at the expiration of time for seeking direct appellate review. As such, he had until May or August 2008 to file a § 2255 motion, but he did not file the Petition until nearly six years later. As such, his § 2255 motion and all the claims it contains are untimely and may be dismissed on that basis.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run 'from the latest of' four possible dates." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008)). The four dates are: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

---

brief] and with which this Court agreed [Docs. 598, 600]). In the instant case, no such argument has been made and it appears that Petitioner Hill's New York convictions sentencing him to 5-15 years each were clearly predicate felonies. [Doc. 40].

through the exercise of due diligence." 28 U.S.C. § 2255(f). Petitioner has failed to claim, let alone demonstrate, that subsections (f)(2), (3), or (4) apply to his case. Specifically, he has not established that any illegal action by the Government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence, nor any newly recognize right by the Supreme Court.

For purposes of the first category—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review up to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). In the alternative, when a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing such petition—90 days after entry of the intermediate appellate court's judgment. *Id.*; *see also* Supreme Court Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

In light of the foregoing, Petitioner's judgment of conviction became final on either May 7, 2007, or August 23, 2007. The statute of limitations began to run on that date, ultimately expiring one year later on either May 7, 2008, or August 23, 2008. Failure to file the current petition until June 6, 2014, [Doc. 93]—almost six years after expiration of the one-year

limitations period—necessarily leads the Court to conclude Petitioner's petition is untimely under § 2255(f), and thus, time-barred and pretermits the need to rule on the issues.[3]

As such, the Court will not address the merits of Petitioner's § 2255 claims (nor the Government's very persuasive arguments that those claims lack merit[4]) because all of the instant claims are time-barred, and the Petitioner has not claimed, identified or established any basis for equitable tolling.

## III. CONCLUSION

For the reasons stated herein, the Petitioner's motion brought pursuant to 28 U.S.C. § 2255 [**Doc. 93**] will be **DENIED** and **DISMISSED WITH PREJUDICE** on the ground that it lacks any merit. A hearing is unnecessary. A separate Judgment will enter.

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

---

[3] Additionally, the Government notes that Petitioner Hill filed an unsuccessful § 2241 Petition in the Middle District of Pennsylvania in 2013, *see Hill v. United States*, No. 3:13-CV-02131, 2013 WL 5603262, (M.D. Pa. Oct. 11, 2013), in which the Petitioner's own Affidavit filed in 2013 stated, "After his conviction was affirmed, Petitioner failed to timely file a 2255 collaterally attacking either his conviction or sentence and because of his reluctance to do so, he's now time-barred" and "under the one year limitation deadline, any 2255 petition filed at this point would only be dismissed as untimely under 2255(f)." *See Hill*, No. 3:13-CV-02131 [Doc. 2 at 4]. Additionally, the Court's ruling noted that Petitioner already recognized and conceded that any § 2255 Petition would be time-barred. *Hill*, 2013 WL 5603262, at *2.

[4] As to grounds 1 and 3, the Government's 21 U.S.C. § 851 notice was not deficient. Petitioner neither claims nor establishes any prejudice as he does not claim these prior offenses were not felonies or that they did not qualify as predicate offenses. Further, the argument in ground 2, that Defendant would have pled guilty to mandatory life versus going to trial if he had been told of that option makes no rational sense, and Petitioner's argument [Doc. 94 at 8-10] is not sufficiently developed, lacks evidentiary support, and lacks merits.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**